

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00898-CR

Adrian Justino **SOTO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR4647
Honorable Jennifer Pena, Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: May 26, 2021

AFFIRMED

Adrian Soto appeals an order denying his motion to suppress evidence obtained as a result

of an alleged illegal search. Soto argues the search warrant affidavit did not contain sufficient facts

to provide a substantial basis to conclude there was a fair probability heroin would be found in his

apartment and argues the affidavit therefore did not establish probable cause. Because the facts in

---

[1] The Honorable Sid Harle, Presiding Judge of the Fourth Administrative Judicial Region, heard and ruled on the motion to suppress. The Honorable Jennifer Pena presided over the plea proceedings and signed the judgment.

the affidavit and the reasonable inferences drawn from those facts are sufficient to establish probable cause, we affirm.

## BACKGROUND

On January 24, 2018, Detective Chad Ripley presented a sworn Affidavit for Search Warrant to a magistrate. The affidavit asserted that heroin was unlawfully possessed at an address known as Soto's residence and in four vehicles located at that address and known to be under the control of Soto and his girlfriend, Maria Maldonado. The magistrate issued the search warrant and on that same day, the San Antonio Police Department executed the warrant on Soto's apartment. The search yielded approximately 12.6 grams of heroin. Soto was charged with one count of intentionally and knowingly possessing a controlled substance, namely heroin, in an amount between 4 and 200 grams.

At a pretrial suppression hearing, Soto moved to suppress the seized heroin and argued the evidence was obtained as a result of an illegal search because the affidavit in support of the search warrant failed to establish probable cause that heroin was present in his apartment. The trial court denied the motion and issued findings of fact and conclusions of law.

Soto thereafter entered a plea bargain. In accordance with the plea, the trial court sentenced Soto to five years in prison, suspended the sentence, and placed him on community supervision for a period of seven years.

Soto timely filed a notice of appeal.

## STANDARD OF REVIEW

In reviewing a motion to suppress, we apply a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give trial courts almost complete deference in determining historical facts. *Id.* When a trial judge makes express findings of fact, we must examine the record in the light most favorable to the ruling and uphold those fact findings if

they are supported by the record. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

We then proceed to a de novo determination of the legal significance of the facts as found by the

trial court—including whether a search warrant was issued on probable cause. *See State v.*

*Rodriguez*, 521 S.W.3d 1, 8 (Tex. Crim. App. 2017). In our review of a magistrate's decision to

issue a warrant, we apply a highly deferential standard of review because of the constitutional

preference for searches conducted pursuant to a warrant over warrantless searches. *Bonds v. State*,

403 S.W.3d 867, 873 (Tex. Crim. App. 2013). "When in doubt, [we] should defer to all reasonable

inferences that the magistrate could have made." *Id.*

### PROBABLE CAUSE FOR A SEARCH WARRANT

In combined points of error, Soto argues on constitutional and statutory grounds that the

trial court erred in denying his motion to suppress because the facts presented in the search warrant

affidavit did not establish probable cause to conclude a controlled substance would be found within

Soto's residence.

A warrant to search a home must be based on probable cause. U.S. CONST. amend. IV;

TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. art. 18.01(b). A warrant to search for contraband

must be supported by an affidavit setting forth sufficient facts to establish probable cause that the

contraband is located at the particular place to be searched. TEX. CODE CRIM. PROC. arts. 18.01(b),

(g), 18.02(12). Probable cause exists if "the facts submitted to the magistrate are sufficient to

justify a conclusion that the object of the search is probably on the premises to be searched at the

time the warrant is issued." *Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006). We will

uphold the magistrate's probable-cause determination if the magistrate had a substantial basis for

concluding that probable cause existed. *Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App.

2013). In determining whether probable cause exists, the magistrate may interpret the affidavit in

a non-technical, common-sense manner and draw reasonable inferences solely from the facts and

circumstances within the four corners of the affidavit. *Id.* Appellate courts should not invalidate a warrant by interpreting the affidavit in a hypertechnical manner. *Id.*

The trial court's findings of fact are not disputed, and the findings include*:*

- Adrian Soto's apartment address.

- SAPD Detective Chad Ripley had been given information about Adrian Soto's narcotics trafficking activity by a confidential informant.

- SAPD detectives conducted surveillance of Adrian Soto.

- During the surveillance operations, SAPD detectives observed Adrian Soto leave his residence in several vehicles and meet with individuals to make "drops" (drug-selling transactions).

- These "drops" of narcotics were confirmed through controlled buys where an undercover officer purchased narcotics from Adrian Soto.

- Over the course of two weeks, SAPD detectives recovered more than 12 grams of heroin through these controlled buys.

- On January 24, 2018, Detective Chad Ripley applied for a search warrant of Adrian Soto's residence.

- The search warrant affidavit contained all of the above facts.

- The search warrant was granted by Magistrate Lori Crockett on that same date.

- The search warrant was executed on January 24, 2018.

In its conclusions of law, the trial court held: (1) "[t]he search warrant at issue is sufficient," and the "affidavit contains sufficient probable cause to connect Defendant with the crime charged"; and (2) "[t]he affidavit contains sufficient probable cause to inform the issuing magistrate that the items sought to be seized would be found at the Defendant's residence." The court therefore denied the motion to suppress.

Detective Ripley's affidavit in support of the search warrant also contained the following factual allegations not addressed in the trial court's findings. Detective Ripley stated the address

of the place to be searched was an apartment in Soto's name, and Soto paid its utilities. The affidavit listed four vehicles located at the address and stated the vehicles were under the control of Soto and Maldonado. Detective Ripley stated the SAPD Narcotics Unit had been investigating Maldonado since 2012 for heroin trafficking. She had previously been subject to search warrants that yielded heroin, and "[a]s a result, she no longer will sell from her house and attempts to conceal its location." Detective Ripley's confidential informant told him Soto and Maldonado were in a relationship and they were making "drops"—delivering heroin from vehicles. SAPD surveillance of Soto and Maldonado confirmed the information. Officers observed them, together and separately, drive from the residence using one of the vehicles listed in the affidavit and make drops. The affidavit stated that on one occasion, officers saw Soto and Maldonado complete a drop "around the block" and drive in a "haphazard manner" away from Soto's residence to conceal its location. Detective Ripley stated that during the two weeks preceding the issuance of the search warrant, officers observed Soto and Maldonado making drops and then officers recovered the heroin by contacting the people to whom Soto and Maldonado had dealt the heroin. The affidavit stated that on January 24, 2018, the day Detective Ripley applied for the search warrant, Soto was observed delivering heroin from one of the listed vehicles. Soto was arrested by patrol officers and interviewed by a detective. The affidavit stated Soto gave a false address but later admitted he lived at the address listed in the search warrant affidavit.

The totality of the circumstances shown by the facts stated in the search warrant affidavit provided a substantial basis for the magistrate to conclude there was a fair probability heroin would be found in Soto's residence. Both an informant and police surveillance established Soto and Maldonado were dealing heroin from vehicles. Soto and Maldonado were observed on multiple occasions leaving the residence, getting into one of the several vehicles listed in the affidavit, and driving to a location where they made a "drop." Officers confirmed that the substance Soto was

dealing was heroin by making controlled buys and by contacting the other party to the transaction after observing a drop. Soto took steps to conceal where he lived, and he lied to officers about his address when he was arrested. The magistrate could have reasonably inferred from these facts that it was fairly probable Soto kept heroin in his residence. Under our highly deferential review, we hold the facts provided in the search warrant affidavit, along with the reasonable inferences that could be drawn from them, were sufficient to establish probable cause. *See Brown v. State*, 115 S.W.3d 633, 637 (Tex. App.—Waco 2003, no pet.) (concluding affidavit in support of search warrant for residence based on probable cause because resident purchased iodine crystals more than once, individual who knew resident heard she was cooking methamphetamine, and officers seized methamphetamine from individuals in vehicle that had just left residence).

## CONCLUSION

We affirm the trial court's order denying Soto's motion to suppress and affirm the judgment of conviction.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH